NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDIWALI DURAN KADIYE, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-72573 Agency No. A208-926-849 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2020**

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Abdiwali Duran Kadiye, a native and citizen of Somalia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's

decision that an alien has not established eligibility for asylum or withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition.

Substantial evidence supports the agency's determination that the petitioner failed to establish persecution "on account of" his religion or actual or imputed political opinion. 8 U.S.C. § 1101(a)(42)(A); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). On this record, we are not compelled to conclude that the violence, recruitment efforts, and extortion the petitioner experienced in Somalia were on account of his religion or his actual or imputed opposition to Al Shabaab's cause rather than on account of the group's desire to increase its ranks and further its militant and criminal aims. *See* 8 U.S.C. § 1252(b)(4)(B); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1032–33 (9th Cir. 2014); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsistent conclusions from the evidence.").

Because the petitioner has not established his eligibility for asylum, he also necessarily has failed to demonstrate his eligibility for withholding of removal. *See Pedro-Mateo*, 224 F.3d at 1150.

**PETITION DENIED.**